UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, a foreign insurer,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GILBERTO MENDOZA, and ANA LILIA NUNEZ BARAJAS,<br><br>　　　　　Defendants. | NO. 4:23-CV-5049-TOR<br><br>ORDER DENYING MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 6). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 6) is **DENIED**.

## BACKGROUND

This matter relates to a dispute regarding Plaintiff Safeco's duties and obligations to its insured, Defendant Gilberto Mendoza, in an underlying lawsuit

ORDER DENYING MOTION TO DISMISS ~ 1

brought by Defendant Lilia Nunez Barajas against Mr. Mendoza.

On December 22, 2022, Ms. Barajas filed a complaint in Franklin County Superior Court against Mr. Mendoza, raising the following causes of action: battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring. ECF No. 1-1. Ms. Barajas alleges she was sexually assaulted by Mr. Mendoza on or about April 7, 2020 during a visit to Mr. Mendoza's home pursuant to her employment as a house cleaner. *Id*. at 3–4, ¶¶ 10–21.

Mr. Mendoza has two insurance policies issued by Safeco. The first is a Landlord Protection Policy, which covers Mr. Mendoza's rental property in Pasco, Washington. ECF No. 1 at 6, ¶ 14. The second is an Umbrella Policy, which also lists the Pasco rental property as the Residence premises. *Id*. at 10, ¶ 20. Both contain exclusions for bodily injury resulting from intentional and criminal acts by the insured. *Id*. at 8–9, ¶ 8, at 12–13, ¶ 23. Mr. Mendoza tendered the complaint in the underlying lawsuit to Safeco, seeking defense and indemnity coverage. *Id*. at 3, ¶ 8. Safeco agreed to defend Mr. Mendoza under a reservation of rights. *Id*. at 5, ¶ 12.

Safeco filed the operative Complaint in this Court on April 14, 2023, seeking a judicial declaration that it is not obligated to defend Mr. Mendoza in the underlying lawsuit because Ms. Barajas's claims fall outside the scope of coverage.

ORDER DENYING MOTION TO DISMISS ~ 2

1  *Id*. at 14, ¶ 28.  Ms. Barajas presently moves for dismissal of Safeco's Complaint.

2  ECF No. 6.

## DISCUSSION

### I.   Legal Standard

As an initial matter, Ms. Barajas argues Safeco's claims for declaratory relief should be dismissed under Washington's Uniform Declaratory Judgment Act, RCW 7.24.060, which permits a court to refuse declaratory judgment "where such judgment . . . if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."  ECF No. 6 at 1–2.  Ms. Barajas does not provide any legal authority indicating dismissal of Safeco's Complaint is permitted under RCW 7.24.060.  Therefore, the Court construes the present motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences

. . . to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint by reference, and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

Ms. Barajas first argues certain provisions under the policies are ambiguous, and therefore declaratory relief is inappropriate and the Complaint should be dismissed. ECF No. 6 at 3–4. However, it is premature for the Court to determine whether Safeco is entitled to declaratory relief, as there is no procedural mechanism presently before the Court to make such a determination. At this stage, the Court can only evaluate whether Safeco has plausibly stated a claim for declaratory relief.

Second, Ms. Barajas appears to argue there are issues of fact concerning her employment status, which must be resolved before this Court can make a determination regarding Safeco's duty to defend. *Id.* at 4. Again, it is premature for the Court to evaluate whether the duty to defend has been triggered; the Court's present evaluation is limited to determining whether Safeco has stated a claim upon which relief may be granted.

ORDER DENYING MOTION TO DISMISS ~ 4

Turning first to the operative Complaint, Safeco alleges it does not have a duty to defend Mr. Mendoza in the underlying lawsuit because Ms. Barajas's claims arise from intentional and criminal acts, which are excluded under the relevant policy provisions and definitions. ECF No. 1 at 10, ¶ 19, at 14, ¶ 24. Washington State law recognizes that an "insurer's duty to defend is separate from, and substantially broader than, its duty to indemnify." *Nat'l Surety Corp. v. Immunex Corp.,* 176 Wash. 2d 872, 878 (2013). "The duty to indemnify applies to claims that are actually covered, while the duty to defend arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Id.* at 879 (emphasis and internal quotation marks omitted). "If there is any reasonable interpretation of the facts or the law that could result in coverage, the insurer must defend." *Id.* (quotation marks and brackets omitted). "Although this duty to defend is broad, it is not triggered by claims that clearly fall outside the policy." *Id.*

In determining whether there is a duty to defend, the Court must construe the insurance policy as a contract between the parties, and interpretation is a matter of law. *Quadrant Corp. v. Am. States Ins. Co.,* 154 Wash. 2d 165, 171 (2005); *see also State Farm Gen. Ins. Co. v. Emerson,* 102 Wash. 2d 477, 480 (1984). The Court must consider the policy as a whole and give it a "fair, reasonable, and

1  sensible construction as would be given to the contract by the average person
2  purchasing insurance." *Quadrant Corp.,* 154 Wash. 2d at 171.  If the policy
3  language is clear and unambiguous, the Court must enforce the policy as written; it
4  "may not modify it or create ambiguity where none exists." *Id.*  "[A] clause is
5  ambiguous only when on its face, it is fairly susceptible to two different
6  interpretations, both of which are reasonable." *Id.* (internal quotation marks
7  omitted).  Only if a clause is ambiguous may the Court consider extrinsic evidence
8  of the intent of the parties to resolve the ambiguity. *Id.* at 171–72.  The Court must
9  then resolve any remaining ambiguities in favor of the insured party. *Id.*

10     As to the applicable policies, the Landlord Policy specifically excludes
11  coverage for bodily injury resulting from intentional and criminal acts by the
12  insured, as well as injury resulting directly or indirectly from a person's
13  employment by the insured.  ECF No. 1 at 8–9.  Ms. Barajas asserts the following
14  paragraph in the Landlord Policy is ambiguous as to whether her claims are
15  covered: "Under **Exclusions, Coverage L — Premises Liability and Coverage**
16  **M — Medical Payments to Others** exclusions **1.a.b.i.** and **j.** do not apply to
17  personal injury.  All other exclusions of this endorsement apply."  ECF No. 6 at 3–
18  4.

19     This paragraph is found under an endorsement adding or revising definitions
20  with respect to coverage.  ECF No. 4 at 52.  Essentially, the paragraph removes

ORDER DENYING MOTION TO DISMISS ~ 6

1  certain exclusions (i.e., exclusions 1.a., 1.b., 1.i., and 1.j.) from the definition of
2  bodily injury and replaces them with the exclusions delineated in the endorsement.
3  *Compare id.* at 47–49 *with id.* at 52.  Read together, the policy ultimately excludes
4  claims for bodily injury caused by (1) acts the insured knows will violate the rights
5  of others, (2) criminal acts by the insured, and (3) acts that occur as a result of an
6  offense directly or indirectly related to the person's employment by the insured.
7  *Id.* at 52.  The Umbrella Policy contains similar exclusions.  ECF No. 1 at 12–13.

8        To determine whether Safeco has plausibly stated a claim for declaratory
9  relief, the Court must evaluate the claims alleged in the underlying lawsuit.  Ms.
10 Barajas's complaint raises claims for battery, false imprisonment, intentional
11 infliction of emotional distress, negligent infliction of emotional distress, and
12 negligent hiring.  ECF No. 1-1 at 5–8, ¶¶ 22–65.  The facts giving rise to these
13 claims stem from an alleged sexual assault on or about April 7, 2020.  *Id.* at 3–4, ¶¶
14 10–21.  Because the subject policies exclude claims arising from intentional and
15 criminal acts, Safeco plausibly states a claim for a judicial declaration that is has
16 no duty to defend Mr. Mendoza in the underlying lawsuit.  Therefore, dismissal of
17 the Complaint is not warranted at this time.
18 //
19 //
20 //

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss (ECF No. 6) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 14, 2023.



THOMAS O. RICE
United States District Judge