UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, a foreign insurer,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GILBERTO MENDOZA, and ANA LILIA NUNEZ BARAJAS,<br><br>　　　　　　　　　Defendants. | NO. 4:23-CV-5049-TOR<br><br>ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Entry of Default Judgment (ECF No. 13). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Default Judgment (ECF No. 13) is **granted**.

## FACTS

In the underlying lawsuit that prompted this case, Safeco Insurance Company of America ("Safeco"), Plaintiff in this matter, operated as Gilberto

ORDER ON ENTRY OF DEFAULT JUDGMENT ~ 1

Mendoza's, Defendant in this matter, insurance agency.  ECF No. 1 at 1.  As an insurance company, Safeco is currently defending Mr. Mendoza under a reservation rights, against allegations made on December 22, 2022, by Ms. Ana Lilia Nunez Barajas in Franklin County Superior Court.  Ms. Barajas raised the following causes of action: battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, and a negligent hiring claim against Taxes Y Mas, partially owned by Mr. Mendoza.  *Id*. 1 at 2.  Mr. Mendoza sought defense and indemnity coverage from Safeco in the underlying matter based on two policies he held with Safeco: (1) his Landlord Protection Policy for his rental property at 5103 Marlin Lane in Pasco, Washington and his and (2) his Umbrella Policy which also lists the Pasco rental property as the Residence premises.  *Id*. at 3, 6, 10.  Both contain exclusions for bodily injury resulting from intentional and criminal acts by the insured.  *Id*. at 8–9, 12–13.

       Safeco filed a complaint with the Court on April 14, 2023, seeking declaratory relief from defending or providing indemnification for Mr. Mendoza because it alleges neither of Mr. Mendoza's insurance policies cover the conduct alleged in that matter.  ECF No. 1 at 14.  Summons and complaint were issued to Mr. Mendoza and Ms. Barajas on April 14, 2023, in compliance with Federal Rule of Civil Procedure 4.  ECF Nos. 2, 4.  Proof of service to Mr. Mendoza was entered via affidavit on April 18, 2023.  ECF No. 3.  Ms. Barajas waived service

and made her first appearance before the Court on May 23, 2023.  ECF Nos. 5, 6.  Mr. Mendoza has made no appearance before the Court.

Having failed to answer, plead, obtain counsel, or other defend his claim, the Clerk of Court entered an order of default as to Mr. Mendoza on July 26, 2023.  ECF No. 12.  Per Local Rule 55(b), Safeco filed a motion for entry of default judgment with the Court on August 7, 2023.  ECF. No 13.

**DISCUSSION**

Plaintiff requests the Court enter a declaratory judgment per RCW 7.24.101, against Defendant Gilberto Mendoza, relieving it of its duty to indemnify and defend Mr. Mendoza in the underlying matter.  ECF No. 13 at 1.  Plaintiff moves for default judgment against Mr. Mendoza because he was served with the summons and complaint and has failed to appear or defend.  ECF No. 13.

In general, a party must file a responsive pleading within twenty-one days after being served with a summons and complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i).  Defendant in this matter has not appeared before the Court nearly five months since the initial complaint was filed.

Under Federal Rule of Civil Procedure 55, obtaining a default judgment is a two-step process: (1) entry of default and (2) entry of default judgment.  Under Local Rules, a party must first file a motion for entry of default, obtain a Clerk's Order of Default, and then file a separate motion for default judgment.  *See* Local

ORDER ON ENTRY OF DEFAULT JUDGMENT ~ 3

1  Rule 55(a), (b).  The Clerk's Order of Default was entered July 26, 2023.  ECF No. 12.

Then, to obtain a default judgment, the moving party must set forth by declaration or affidavit (A) whether the party against whom judgment is sought is an infant or an incompetent person and, if so, whether that person is represented by a general guardian, conservator, or other like fiduciary; and (B) attest that the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-597b, does not apply.  Local Civil Rule 55 (b)(1).  Plaintiff has done so.  *See* ECF No. 11 at 2.

However, the Court has discretion in granting a default judgment.  *Aldabe v. Aldabe*, 616 F2d 1089, 1092 (9th Cir. 1980).  Where possible, cases should be resolved on their merits as the entry of default judgment is an extreme measure.  *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).  In determining whether to enter default judgment, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The Court considers each of the factors in turn.

### 1. Possibility of Prejudice to the Plaintiffs

Safeco has experienced prejudice as it awaits contact by Mr. Mendoza with the Court. Under Washington law, "[i]f the insurer is unsure of its obligation to defend in a given instance, it may defend under a reservation of rights while seeking a declaratory judgment that it has no duty to defend." *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wash. 2d 751, 761 (2002)). Safeco has continued to defend Mr. Mendoza in the underlying matter while it seeks a declaratory judgment. Safeco's ability to resolve this matter has been frustrated by Mr. Mendoza's lack if appearance. This factor weighs in favor of entering default judgment.

### 2. Merits of Plaintiffs' Substantive Claims

The Court's review of the merits of the claim is cabined to Safeco's presentation of evidence as Defendant Mendoza has not appeared. Nevertheless, the Court finds the complaint has merit. Safeco has alleged that Ms. Barajas claims of battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring against Mr. Mendoza are not covered under the relevant provision of his policies. ECF No. 1 at 10, 14.

Specifically, Mr. Mendoza's Landlord policies excludes coverage for bodily

injury resulting from intentional and criminal acts by the insured. *Id*. at 8–9. The policy ultimately excludes claims for bodily injury caused by (1) acts the insured knows will violate the rights of others, (2) criminal acts by the insured, and (3) acts that occur as a result of an offense directly or indirectly related to the person's employment by the insured. ECF No. 4 at 52.

Similarly, the Umbrella Policy contains exclusions for intentional acts committed by the insured. ECF No. 1 at 12–13. The Umbrella specifically does not cover "personal injury caused by or at the direction of an insured with the knowledge that the act would violate the rights of another and would inflict personal injury." *Id*. at 12. The Umbrella policy also does not cover "bodily or personal injury arising out of both "criminal act or omission committed by the insured" and "sexual molestation . . . sexual harassment or mental abuse." *Id*. at 13.

In taking the factual allegations in the complaint as true, the Court finds that Safeco's claim has merit, and the conduct alleged by Ms. Barajas would not be covered by Mr. Mendoza's policies. Thus, this factor weighs in favor of default judgment.

      3.    <u>Sufficiency of the Complaint</u>

The initial complaint for declaratory relief alleges sufficient facts upon which relief may be granted. ECF No. 1. This factor weights in favor of granting

default judgment.

4. <u>Sum of Money at Stake</u>

Safeco is seeking a declaratory judgment, and thus the entry of default judgment would not directly result in a monetary award.  However, the Court notes that the entry of default would likely result in Safeco's withdrawal of defense of Mr. Mendoza and relieve Safeco of indemnification should damages result in the underlying matter.  This will undoubtably result in some economic impact.  Thus, the factor weighs neither for nor against default judgment.

5. <u>Possibility of Dispute as to Material Facts</u>

The Court's review of whether material facts is limited as Defendant against whom default is sought has not responded.  The record before the Court seems straightforward, but because relief is sought during a separate ongoing lawsuit where further discovery may take place, new facts may come to light.  This seems to weigh against default judgment.

However, given the contractual nature of the relationship between the insurer and the policy holder, coupled with the evidence supplied by Safeco, the question of whether Safeco has a duty to defend Mr. Mendoza against the claims he is currently facing seem settled.  ECF Nos. 1 at 7, 9–10, 12–13; 4 at 52–3, 77–8.  Therefore, this factor also weighs neither for nor against default judgment.

//

### 6. Whether Default is Attributable to Excusable Neglect

Mr. Mendoza was properly served summons and compliant. ECF Nos. 2, 3. Mr. Mendoza was also notified of Safeco's intention to file motion for default. ECF No. 11-1 at 2. There is no excusable neglect for Mr. Mendoza's failure to respond. This factor weighs in favor of entering default judgment.

### 7. Policy Favoring Decisions on the Merits

Public policy clearly favors resolution of cases on their merits. *Eitel*, 782 F.2d at 1472. At some point, public policy must yield to the administration of justice. Because further delaying judgment would result in continuing prejudice to Plaintiff and because the merits of Plaintiff's claim appear strong, the Court finds entry of default judgment appropriate.

Whether or not Safeco has a duty to defend the underlying claim is central to both the Plaintiff and the Defendants in this case. Without an appearance by Defendant Mendoza, the policy holder, Safeco is stuck in limbo while it expends resources in its defense of Mr. Mendoza. This matter was filed on April 14, 2023, and since that time Safeco's complaint has gone uncontested by the Defendant against whom default is sought. There is an interest in bringing this matter to a close for both Plaintiff and the Defendants in this matter. Thus, this factor weighs in favor of entering default judgment.

The Court concludes that the proper administration of justice in this case

requires an award of default judgment.

While Ana Lilia Nunez Barajas is a Defendant in this case, no claims are made regarding her and no contract exists between her and Plaintiff. Accordingly, no other issues are before the Court between these parties.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff, Safeco Insurance Company of America's Motion for Default Judgment against Defendant Gilberto Mendoza (ECF No. 13) is **GRANTED.**

2. The Court **FURTHER FINDS AND DECLARES** as follows:

    Plaintiff, Safeco Insurance Company of America, a foreign insurer, has no duty to defend or indemnify Gilberto Mendoza in Franklin County Superior Court case No. 22-2-50879-11.

The District Court Executive is directed to enter this Order and Declaratory Judgment accordingly and furnish copies to counsel and Defendant, and close the file.

DATED September 5, 2023.



THOMAS O. RICE
United States District Judge

ORDER ON ENTRY OF DEFAULT JUDGMENT ~ 9